```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-80435-CIV-COHN
                              MAGISTRATE JUDGE P. A. WHITE
```

CARLOS MIRANDA,                  :

    Petitioner,              :

v.                               :          REPORT OF
                                                                              MAGISTRATE JUDGE

UNITED STATES MARSHAL,           :

    Respondent.              :
_____

    This Cause is before the Court upon the Petitioner Miranda's Petition for a Writ of Mandamus. [DE# 1]. The Petitioner seeks an Order directing the United States Marshal to remove a detainer which he contends has been lodged against him in error and allegedly makes him ineligible for transfer to a prison in New Jersey pursuant to the Interstate Corrections Compact.

    The Respondent has filed a Response and Supplemental Response to the Petition. [DE#'s 9, 11].  The Petitioner has also filed a Response. [DE# 10].

    A federal district court has jurisdiction under 28 U.S.C. §1361, which provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus is the traditional writ designed to compel government officers to perform nondiscretionary duties. See Marbury v. Madison, 5 U.S. (1 Cranch) 137, 168-69, 2 L.Ed. 60 (1803). Significantly, application of the mandamus remedy to require a public official to perform a duty imposed upon him in his official capacity is not limited by

sovereign immunity. In Houston v. Ormes, the Supreme Court held that suits to compel federal officers "'to perform some ministerial duty imposed upon them by law, and which they wrongfully neglect or refuse to perform . . . would not be deemed suits against the United States within the rule that the Government cannot be sued except by its consent.'" 252 U.S. 469, 472-73 (1920) (quoting Minnesota v. Hitchcock, 185 U.S. 373, 386 (1902)). Federal Rule of Civil Procedure 81(b) provides, "Relief heretofore available by mandamus . . . may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules." The generic "civil action" of the new rules, see Fed.R.Civ.P. 2, provides the form of action in which mandamus relief is now available. Congress confirmed the availability of relief "in the nature of mandamus" with the passage of the Mandamus and Venue Act, 28 U.S.C. § 1361.

Mandamus relief is available only to compel a government officer to perform a duty that is "ministerial, clearly defined, and peremptory" as opposed to duties within the officer's discretion. See, e.g. Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown, 656 F.2d 564, 566 (10 Cir. 1981) (quoting Schulke v. United States, 544 F.2d 453, 455 (10 Cir. 1976)). For the reasons explained below, the Undersigned finds that the Petitioner has failed to identify any "ministerial, clearly defined, and peremptory" duty owed to him to justify granting a petition for a writ of mandamus.

The Petitioner has been incarcerated at the South Bay Correctional Facility under the supervision of the Florida Department of Corrections since January 16, 2002. He is currently serving a twenty-year sentence on murder and arson charges and is scheduled to be released on August 10, 2021. (See Florida

Department Corrections website).  On May 6, 2002, the U.S. Marshal Service (USMS) placed a detainer on the Petitioner (see DE# 9, Ex. 2) pursuant to an outstanding bench warrant issued by U.S. Magistrate Judge Deborah A. Robinson of the U.S. District Court for the District of Columbia on May 24, 1994.  As alleged in the Probation Memorandum dated May 17, 1994 (see DE# 9, Ex. 5), the Petitioner failed to show up for three appointments with his probation officer.  Upon request of the probation officer, a bench warrant was issued so that the probation officer could complete her pre-sentence report. Id.

The Petitioner claims that he was never placed on probation, and that the detainer was dropped.  He alleges that the U.S. Marshal Service refuses to remove the detainer from the Florida Department of Corrections' system.

The Petitioner has failed to demonstrate a constitutional violation or violation of federal law.  It is well settled that there is no legal right to receive an immediate hearing on a supervised release violation or revocation. The Supreme Court has stated that the Interstate Agreement on Detainers Act ("IAD"), which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to probation or parole revocation detainers. See Interstate Agreement on Detainers Act, 18 U.S.C.A.App. § 2, Art. III(a).[1] See also Carchman v. Nash, 473 U.S. 716, 726 (1985). There is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as a parole violator by execution of the warrant. Moody v. Daggett, 429 U.S. 78, 89 (1976)(a prisoner in a federal

---

[1] The Interstate Agreement on Detainers Act, 18 U.S.C.App.II, is codified at Fla.Stat. §941.45.

3

penitentiary who is subject to a federal parole-violation detainer is not constitutionally entitled to a prompt parole-revocation hearing); Morrissey v. Brewer, 408 U.S. 471 (1972).

Because no warrant has been executed, the Petitioner is not yet entitled to any of the procedural protections provided by the IAD, including the speedy disposition provision. United States v. Pardue, 363 F.3d 695, 698 (8 Cir. 2004)(holding that prisoner held on state law charges and on federal violations of a supervised release term was a pretrial detainee who was not subject to a "term of imprisonment," as the IAD requires and offers him no relief); United States v. Wickham, 618 F.2d 1307, 1309 n. 3 (9 Cir. 1979)(holding that speedy revocation hearing protection under due process clause not triggered when warrant placed as a detainer at an institution where probationer or parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release). The Petitioner has been deprived of no constitutionally protected right simply by issuance of the violator warrant. See Moody, 429 U.S. at 89. Accordingly, any contention that he is constitutionally entitled to a hearing on the federal supervised release violation charges lacks merit.

Thus, the Petitioner does not have a right to challenge the detainer and/or probation revocation proceedings until he is being held in custody on the basis of the violation warrant, which is apparently not the case here. Any right to a speedy disposition does not begin to accrue until there is an actual execution of the revocation warrant after service of his active sentence of imprisonment. Besides having no right to a speedy revocation hearing under the IAD, he also has no such right under the Sixth Amendment or Fed.R.Crim.P. 32.1. See United States v. Tippens, 39

F.3d 88, 89-90 (5 Cir. 1994)(holding that "the execution of a warrant for violation of supervised release is not subject to the Sixth Amendment's speedy trial requirement). See also United States v. Cunningham, 150 Fed.Appx. 994, 996 (11 Cir. 2005)(Rule 32.1 is triggered only when the defendant is taken into federal custody for violations of supervised release, not by issuance of a warrant for the defendant's arrest). In the event that the detainer is executed and the Petitioner is returned to the custody of the United States for revocation proceedings, resulting in the revocation of his term of supervised release, he may then challenge the probation revocation proceeding and/or resultant sentence in appropriate proceedings.

In addition, it appears that the Petitioner's true motivation behind seeking the execution of the warrant and the holding of a hearing is so that the detainer will be lifted and he can then be eligible for transfer to New Jersey. However, "there is no federal constitutional right to incarceration in any particular prison or portion of a prison." Montez v. McKinna, 208 F.3d 862, 866 (10 Cir. 2000) (citations omitted). Moreover, nothing in the Interstate Corrections Compact (ICC) imposes any "significant hardship on the inmate in relation to the ordinary incidents of prison life so as to give rise to a liberty interest in transfer." See Terry v. New Jersey Dept. of Corrs., No. 06-3030 (JBS), 2006 WL 3780761, *4 (D.N.J. Dec. 31, 2006) (dismissing pro se complaint for failure to be transferred to another prison in part because of the presence of a detainer) (citations and punctuation omitted); Clay v. Coordinator, Interstate Corrs. Compact, No. 9:07CV59, 2007 WL 1341381, at * 1 (E.D. Tex. May 2, 2007) (adopting report and recommendation and dismissing action when prisoner had no constitutional right to be transferred to a prison closer to his relatives); accord Olim v. Wakinekona, 461 U.S. 238, 247 (1983)

5

("[I]t is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State."); Wilson v. Johnson, No. 86-7194, 805 F.2d 394, 1986 WL 18052, at *1 (4 Cir. Nov. 20, 1986) (unpublished) ("We agree with the district court that Wilson has no constitutional right to a change of his custodial location by reason of the Interstate Corrections Compact.").

In conclusion, the Petitioner has not demonstrated that he is entitled to mandamus relief. It is therefore recommended that the Petition for a Writ of Mandamus [DE# 1] be denied and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this _13th day of July, 2009.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

cc:　Carlos Miranda, Pro Se
　　　No. M35486
　　　South Bay Correctional Facility
　　　600 U.S. Highway 27 South
　　　South Bay, FL 33493

　　　Christopher Macchiaroli, Esq.
　　　Assistant United States Attorney
　　　United States Attorney's Office
　　　99 N.E. 4th Street
　　　Miami, FL  33132