UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-80435-CIV-COHN/WHITE

CARLOS MIRANDA,

    Petitioner,

v.

UNITED STATES MARSHAL,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge [DE 12] ("Report"), Petitioner's Objections to the Report [DE 13] ("Objections") and the United States Marshal's Response [DE 14]. The Court has reviewed *de novo* the file herein and is otherwise fully advised in the premises.

On March 17, 2009, Petitioner Carlos Miranda ("Petitioner") filed a Petition for Writ of Mandamus [DE 1] ("Petition"). This Court, pursuant to Administrative Order 2003-19, referred the matter to Magistrate Judge White. Thereafter, on July 14, 2009, Judge White filed his Report.

The Report reflects that Petitioner has been incarcerated at the South Bay Correctional Facility under the supervision of the Florida Department of Corrections since January 16, 2002. He is serving a twenty-year Florida state sentence for murder and arson and is scheduled for release in 2021.

On May 6, 2002, the U.S. Marshal Services placed a detainer on the Petitioner

pursuant to an outstanding bench warrant issued in 1994 by Deborah A. Robinson, United States Magistrate Judge for the U.S. District Court for the District of Columbia. The bench warrant was issued for a violation of conditions of release as a result of Petitioner failing to show up for three appointments with his probation officer.

Petitioner now asserts that he was never placed on probation and that the misdemeanor charges that led to the detainer were not being pursued.  He further alleges that despite these facts, the U.S. Marshal Service refuses to remove the detainer from the Florida Department of Corrections' system.  Petitioner, therefore, seeks an Order directing the United States Marshal to remove the detainer which he contends has been lodged against him in error and allegedly makes him ineligible for transfer to a prison in New Jersey pursuant to the Interstate Agreement on Detainers.

Judge White concluded correctly that Petitioner has failed to demonstrate a constitutional violation or violation of federal law.  Federal detainers "are issued by the United States Marshal and merely request that state prison officials notify the Marshal of a prisoner's release date so that a deputy marshal may be present on that day to take custody of the prisoner." United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983).  There is no legal right to provide prisoners subject to a federal detainer an adversary hearing until they are taken into federal custody by execution of the warrant. Therefore, the Petitioner will not have a right to challenge the detainer until such time as he is taken into federal custody on the violation warrant.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[1] On July 23, 2009, Petitioner filed Objections to Judge White's Report.  The Objections still do not allege a constitutional or federal law violation.

1. The Report of Magistrate Judge [DE 12] is **ADOPTED**.

2. Petitioner's Objections [DE 13] are **OVERRULED**.

3. The Petition for a Writ of Mandamus [DE 1] is **DENIED**.

4. The Clerk shall **CLOSE THIS CASE** and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of September, 2009.

JAMES I. COHN
United States District Judge

Copies provided to the following:

Counsel of record

Carlos Miranda
DC # M35486
South Bay Correctional Facility
P.O. Box 7171
South Bay, Florida 33493-7171